## AT A CIRCUIT COURT HELD AT NORRISTOWN, FOR MONTGOMERY COUNTY, APRIL, 1807.

### CORAM—YEATES, JUSTICE.

### Respublica *against* Jonathan Carmalt.

The proviso in the 1st section of the turnpike act of 17th March 1806, that toll shall not be demanded of a person "when passing from one part of his farm to the "other along the road," extends not to farms detached from each other.

INDICTMENT for extortion against the defendant, as a toll gatherer for the Chestnut Hill and Spring House Turnpike Company, for receiving unlawfully from Aaron Keyser 4 cents, to permit him to pass through the gate of the company, with a sled and two horses; whereas no such toll was due to the company, the said Aaron Keyser then and there passing from one part of his farm to the other, along the road of the said company.

This company was incorporated by an act passed 5th March *1804.  6 St. Laws 215.  The 11th section prescribes certain tolls to be collected and received of all persons, for every five miles of the road, which they shall travel.  By a subsequent act passed 17th March 1806, 7 St. Laws 527, the company with others, were placed on the same footing with the company of the Philadelphia and Lancaster Turnpike Road under certain provisions, one of which was, "that none of the "companies should have the benefits of this act, unless they "relinquish their right of taking tolls from any person, when "passing from one part of his or her farm to the other, along "the said road." [417*]

It was admitted, that Keyser at the time of the company's incorporation, owned and occupied a house and six acres of land in Flower Town, adjoining to the turnpike road, and still owns and occupies the same, and resides thereon; that after the gate in question was fixed, in pursuance of the first law, and previous to the law of 1806, he purchased an out lot of 10 acres, the nearest part whereof, in a direct line to his homestead was about one quarter of a mile, which he also worked; and in passing between the two lots he used the road of the company above half a mile, whereon the gate was placed, and thence passed into a public road crossing the turnpike, which led to his out lot of 10 acres, at the distance of about 60 perches from the intersection of the two roads.

It was also admitted that the turnpike company had elected to take the benefits of the act of 17th March 1806, and consequently were subject to the proviso; and the only question was whether Keyser, under these circumstances, when passing from the one lot to the other along the road of the turnpike company, was entitled to an exemption from toll?

After argument by Messrs. Frazer and Porter for the com-

[Respublica *v.* Carmalt.]

monwealth, and Mr. T. Ross for the defendant, YEATES, C. J. delivered his opinion to the jury.

The sole point in dispute is, what is the true meaning of this proviso in the act of March 1806 ?   The words are, "when pass-"ing from one part of his farm to the other, along the said "road."   Other is a relative term, and therefore it must be read, to the other part of his farm, along the road.   Does it then mean of the same farm, or of lands adjoining thereto ; or shall the words be extended to lands distant therefrom, provided they are cultivated ?

The word farm conveys a distinct and precise idea.   Its strict and proper sense, is land let to a tenant for culture ; and hence the technical expressions in a lease to farm let ; but its more enlarged meaning, as generally received, is land used and worked, either with or without a house on it.   If detached farms privilege *the owners from paying toll on the intermediate turn- [*418 pikes, the consequence must be, that an undue prefer- ence will be given to opulent men holding and working different tracts of land in the same township, or in different town- ships, or even in different counties ; because, if one half mile cannot be considered as a separation of two farms within the intent of this proviso, neither can ten or twenty miles produce this effect.   No distinguishing line can be drawn, ascertaining on principle what shall be deemed part of the farm, unless we are governed by the natural import of the words.   But there is strong reason in asserting, that an incorporated company should not have it in their power to dismember and dissever a farm lying along their road, by their fixture of a toll gate upon any part of it ; and if we suppose that the legislature intended that a turnpike gate should not separate one or more farms lying together in one body upon the road, the property of an indi vidual, so as to subject the owner to the payment of toll, "when "passing from one part of his farm to the other along the road," we fix a plain principle, just in itself, which may readily be acted upon.

The latter appears to me to be the intention of the legisla- ture, and that the defendant should be acquitted.

The jury convicted the defendant, and the court, on motion and argument, awarded a new trial.

**Overruled in 2 Binn. 235.**